FILED
02 JAN -7 PM 1:43
U.S. ...
N.D. ...

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| BOBBY E. MOORE, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 01-N-0282-S |
| ) | |
| THE STATE OF ALABAMA and ) | |
| THE ATTORNEY GENERAL OF THE ) | |
| STATE OF ALABAMA, ) | |
| ) | |
| Respondents. ) | |

ENTERED
JAN 0 7 2002

## MEMORANDUM OPINION

On December 14, 2001, the magistrate judge assigned this case entered a report and recommendation, finding that the petitioner's request for habeas corpus relief is due to be denied. The petitioner has filed an "Objection," asserting that his claims have been misconstrued and that he should be immediately released from state custody because he has served his seventeen year sentence for first degree assault imposed upon him in the Circuit Court of Jefferson County on October 22, 1985.

The court has considered the entire file in this action together with the Magistrate Judge's Report and Recommendation and the petitioner's "Objection" and has reached an independent conclusion that the Magistrate Judge's Report and Recommendation is due to be adopted and approved. The court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court. In accord with the recommendation, this petition for writ of habeas corpus is due to be denied and dismissed with prejudice. An appropriate order will be entered.



To the extent that the petitioner asserts that he is due to be released because he has been in custody on the assault charge for more than the seventeen years authorized, the court finds otherwise.

The petitioner was charged and convicted of robbery and murder in 1983. He was sentenced to concurrent ten year sentences. He was required to serve two years custody, followed by five years probation. His probation was revoked in the spring of 1985.

The petitioner pled guilty and was sentenced on the first degree assault conviction that is the basis of the present challenge on October 22, 1985. He is in custody as a consequence of that conviction and sentence. Contrary to his calculation, he has not served seventeen years on that sentence. Even if this court calculates his time from the point of his probation revocation, he still has not served seventeen years. The petitioner has not submitted anything besides his conclusory allegations that indicates otherwise. His claims, therefore, are without merit.

**DONE**, this 6th day of January, 2002.

EDWIN L. NELSON
United States District Judge